IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.

GREEKTOWN CASINO, L.L.C.,

d/b/a/

GREEKTOWN CASINO-HOTEL,

    Defendant.
_____/

Civil Action No.
HONORABLE

**COMPLAINT AND JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Michael Lepine ("Lepine") who was adversely affected by such practices. As alleged with greater particularity in paragraphs 14-22 below, the Commission alleges that Greektown Casino, L.L.C. violated the Americans with Disabilities Act ("ADA") by denying Lepine a reasonable accommodation and firing him because of his

1

disability (stress-anxiety disorder).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Greektown Casino, L.L.C. (the "Employer") has continuously been a Michigan limited liability corporation doing business in the State of Michigan and City of Detroit and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Michael Lepine filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8. On September 3, 2015, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal

methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11. On December 9, 2015, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. On or about July 25, 2007, Defendant Employer hired Lepine as a part-time floor supervisor. When he was terminated, Lepine was a full-time Pit Manager.

14. Michael Lepine is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Lepine has an impairment and has a record of an impairment, stress-anxiety disorder, that

substantially limits a major life activity—including concentration, interacting with others and eating.

15. Since at least February 29, 2012, Defendant Employer engaged in unlawful employment practices at its Detroit, Michigan, facility in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

16. On February 21, 2012, Lepine collapsed at work because of his impairment and was hospitalized.

17. He notified Defendant's personnel of his status and submitted leave paperwork detailing his condition, initially requesting leave until May 11, 2012.

18. Lepine's Family and Medical Leave Act time-off allotment had been exhausted by a previous stress-anxiety related leave which ran from September to December 2011.

19. Defendant Employer responded to Lepine's leave request on March 9, 2012, advising that he had to return to work without restrictions by April 2, 2012 or request non-medical leave.

20. On March 22, Lepine submitted leave paperwork, including a doctor's note, indicating that he would need leave through April 30, 2012.

21. On March 29, 2012, without explanation Defendant Employer denied extension of leave beyond April 2, 2012 and advised that Lepine's employment would be terminated if he was not released for work on April 2.

22. On April 5, 2012, Defendant Employer sent Lepine a letter telling him that his employment had been terminated effective April 3, 2012.

23. The effect of the practices complained of in paragraphs 14-22 above has been to deprive Lepine of equal employment opportunities and otherwise affect his status as an employee because of disability (stress-anxiety disorder).

24. The unlawful employment practices complained of in paragraphs 14-22 above were intentional.

25. The unlawful employment practices complained of in paragraphs 14-22 above were done with malice or with reckless indifference to the federally protected rights of Lepine.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in the practice of refusing to return an employee to work without restrictions.

  B. GRANT a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from terminating employees on the basis of disability.

  C. GRANT a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to consider extended leave as a possible reasonable accommodation.

  D. ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

  E. ORDER Defendant Employer to make whole Lepine by providing appropriate back pay with prejudgment interest and benefits, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the reinstatement of Lepine or ordering front pay in lieu of reinstatement.

  F. ORDER Defendant Employer to make whole Lepine by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14-22 above, in amounts to be

determined at trial.

G. ORDER Defendant Employer to make whole Lepine by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 14-22 above, including but not limited to, humiliation, emotional pain and suffering, in amounts to be determined at trial.

H. ORDER Defendant Employer to pay Lepine punitive damages for its malicious and reckless conduct, as described in paragraphs 14-22 above, in amounts to be determined at trial.

I. GRANT such further relief as the Court deems necessary and proper in the public interest.

J. AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Date: October 3, 2016               Respectfully submitted,

                                    EQUAL EMPLOYMENT
                                    OPPORTUNITY COMMISSION


                                    /s/ Kenneth Bird

Acting Regional Attorney
Detroit Field Office

/s/ Dale Price (P55578)
Senior Trial Attorney
Detroit Field Office
477 Michigan Ave., Room 865
Detroit, MI 48226
(313) 226-7808
Dale.Price@eeoc.gov